838 July 29, 2026 No. 717

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SERGIO ESPINOZA,
*Defendant-Appellant.*

Marion County Circuit Court
23CR58817, 23CR07773; A184691 (Control), A184692

Lindsay R. Partridge, Judge.

Submitted July 1, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Megan Mizuta, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant kicked a police officer's hand as he struggled after being apprehended and handcuffed. For that conduct, the trial court sitting as factfinder found him guilty of fourth-degree assault, ORS 163.160. Defendant appeals, arguing that there is insufficient evidence to establish that the officer experienced physical injury. He further challenges his sentence, arguing that the trial court erred in imposing per diem fees when no such term was announced at sentencing. The trial court has since entered an amended judgment correcting its error as to the fees, so that challenge is moot.

As to defendant's other argument, the record contains evidence sufficient to support the trial court's conclusion that the officer suffered a physical injury. Therefore, we affirm.

The term "substantial pain" refers "to the degree and duration of pain suffered by the victim." *State v. Poole*, 175 Or App 258, 261, 28 P3d 643 (2001). "Substantial" pain is "ample" or "considerable" pain, as opposed to "fleeting or inconsequential" pain, which does not qualify. *Id.* (internal citations omitted). *See, e.g.*, *State v. Pipkin*, 245 Or App 73, 77, 261 P3d 60 (2011), *aff'd*, 354 Or 513 (2013) (pain that lasted at least an hour and injuries of "substantial degree" including a swollen eye, a shoulder that "popped" during the attack, and a hurt elbow and back constituted substantial pain); *State ex rel Juv. Dept. v. Greenwood*, 107 Or App 678, 682, 813 P2d 58 (1991) (a "headache or pain" that lasted about an hour constituted substantial pain); *State ex rel Juv. Dept. v. Salmon*, 83 Or App 238, 240-41, 730 P2d 1285 (1986) (a blow to the victim's face that "hurt" and caused swelling lasting a day-and-a-half and bruising that occurred on the third day constituted substantial pain).

Here, the evidence, viewed in the light most favorable to the state, was legally sufficient to support the trial court's conclusion that Officer Ryan suffered physical injury when defendant kicked him in the hand. Once paramedics arrived and began treating defendant after officers subdued him, Officer Ryan "started to feel a sharp pain in [his] wrist

and like a throbbing achy pain in [his] hand" which "continued to get kind of worse throughout the hour or two." The pain continued overnight and, when he was able to seek medical care the following morning, his wrist, though not fractured, "still had a sharp pain when [he] moved it side to side," and his hand still ached, with pain "on the palm side radiating through the back side." The pain lasted for another week or two, and he experienced "[l]ight swelling" and the skin on his hand "became a little darker but more red." At the time of trial, eleven months later, he no longer felt pain but could feel an "audible click" when he clenched his fist.

That evidence was sufficient to support a finding that Officer Ryan's pain was of substantial degree. The pain in his wrist was "sharp," and his hand had a "throbbing achy pain." *See Poole*, 175 Or App at 261 (holding that similar sharp pain, soreness, and throbbing from a hand injury was of substantial degree). Likewise, there was sufficient evidence that Officer Ryan's pain was of substantial duration. The sharp and throbbing pain lasted for at least twelve hours, prompted him to receive medical treatment the morning after the injury was inflicted, and Officer Ryan had pain that persisted for a week or two. As such, it was of substantial duration. *See, e.g.*, *Greenwood*, 107 Or App at 682 (headache lasting one hour was sufficient for substantial pain).

Affirmed.